# EXHIBIT 2

Filed
2/19/2021 8:52 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2021CCV-60188-1

| | | |
|---|---|---|
| **DONALD MCCARLEY,** | § | **COUNTY COURT AT LAW** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **NO. ____** |
| **ELECTRIC RELIABILITY COUNCIL OF** | § | |
| **TEXAS, INC., AMERICAN ELECTRIC** | § | |
| **POWER COMPANY, INC., AND AEP** | § | |
| **TEXAS, INC.,** | § | **NUECES COUNTY, TEXAS** |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

To the Honorable Judge of this Court:

Plaintiff Donald McCarley files this Original Petition against Defendants Electric Reliability Council of Texas, Inc., American Electric Power Company, Inc., and AEP Texas, Inc. and would respectfully show as follows:

### I. DISCOVERY PLAN

1.      Pursuant to TEX. R. CIV. P. 190.4, Plaintiff intends to conduct discovery in this case under a Level 3 Discovery Plan.

### II. PARTIES

2.      Plaintiff Donald McCarley is an individual residing in Corpus Christi, Nueces County, Texas.

3.      Defendant Electric Reliability Council of Texas, Inc. ("ERCOT") is a Texas corporation with its principal place of business at 7620 Metro Center Dr., Austin, TX 78744. Defendant ERCOT may be served with process by serving its registered agent, Bill Magness, at 7620 Metro Center Dr., Austin, TX 78744.

4.      Defendant American Electric Power Company, Inc. ("AEP") is a New York Corporation with its principal place of business at 1 Riverside Plaza, Columbus, OH 43215.

---

*Plaintiff's Original Petition*                                                                                                       *Page 1 of 12*

Copy from re:SearchTX

Defendant AEP may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201. Defendant AEP in its assumed or common name is sued under TEX. R. CIV. P. 28 and includes suit against any and all partnerships, unincorporated associations, private corporations, and individuals doing business under the assumed name "AEP" or "American Electric Power," which is hereby sued in its partnership, assumed, or common name in connection with producing, transmitting, or distributing electric power. *See* TEX. R. CIV. P. 28. Service of process on American Electric Power Company, Inc. effects service on AEP in its assumed or common name. At all relevant times, AEP regularly transacted, solicited, and conducted business in the State of Texas.

5.      Defendant AEP Texas, Inc. ("AEP Texas") is a Delaware corporation with its principal place of business at 1 Riverside Plaza, Columbus, OH 43215. Defendant AEP Texas may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201. Defendant AEP Texas in its assumed or common name is sued under TEX. R. CIV. P. 28 and includes suit against any and all partnerships, unincorporated associations, private corporations, and individuals doing business under the assumed name "AEP Texas," which is hereby sued in its partnership, assumed, or common name in connection with producing, transmitting, or distributing electric power. *See* TEX. R. CIV. P. 28. Service of process on AEP Texas, Inc. effects service on AEP Texas in its assumed or common name. At all relevant times, AEP Texas regularly transacted, solicited, and conducted business in the State of Texas.

6.      Defendant AEP Texas is a wholly owned subsidiary of Defendant AEP.

### III. JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action under TEX. GOV'T CODE § 25.1802.

8.      Plaintiff's counsel states that the amount of damages he seeks in monetary relief

falls under TEX. R. CIV. P. 47(c)(5).

9.      Venue is mandatory Nueces County, Texas under TEX. CIV. PRAC. & REM. CODE §
15.011 because this suit seeks recovery of damages to real property. Venue is also proper
in Nueces County, Texas under TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because it is the
county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims
occurred.

10.     Plaintiff has not alleged any federal causes of action.

11.     Plaintiff and Defendant ERCOT are citizens of the State of Texas. Pursuant to 28
U.S.C. § 1441(b)(2), this action cannot be removed.

## IV. FACTS

12.     On or about February 14, 2021, the State of Texas experienced a cold weather event
in which more than 4 million Texas households, including Plaintiff's, lost power.

13.     As a result of the impending cold weather event, Texas Governor Greg Abbott
issued a disaster declaration on February 12, 2021, for all 254 counties in the State of Texas.

14.     On the following day, February 13, 2021, Governor Abbott requested a federal
emergency declaration, which was approved on February 14, 2021.

15.     By February 15, 2021, the National Weather Service had issued a winter storm
warning for the entire State of Texas.

16.     The cold weather event caused increased energy demands across the state as Texans
tried to keep their homes and businesses warm, with total state energy demand peaking around
69,000 megawatts.

17.     A peak winter demand of 69,000 megawatts is by no means unusual. As recently
as the 2018 winter season, the Texas energy grid experienced demand in excess of 65,000

'opy from re:SearchTX

megawatts.

18.     The Texas energy grid regularly meets summer demands of 125,000 megawatts—almost twice the peak demand experienced in February 2021.

19.     As energy demand rose in February 2021, the supply of energy fell as outdated power generators failed, including power generators owned and operated by Defendants AEP and AEP Texas, depriving the Texas power grid of 45,000 megawatts of energy.

20.     Along with Defendants AEP, AEP Texas, Inc., and others, Defendant ERCOT provides 90 percent of Texas's electricity and serves 26 million customers.

21.     Defendants ERCOT, AEP, AEP Texas, and others could have increased electric production capacity in Texas in the days and weeks leading up to the February 2021 cold weather event, but consciously chose not to do so.

22.     Similarly, Defendants AEP, AEP Texas, and others could have weatherized and updated their generation, transmission, and distribution facilities in order to prevent cold-weather failures like those experienced in February 2021, but consciously chose not to do so.

23.     In response to Defendants' failure to anticipate increased energy demands in February 2021, as well as the failure of Defendants AEP, AEP Texas, and others to weatherize and updated their generation, transmission, and distribution facilities, the transmission and distribution utilities—including Defendant AEP Texas—that make up the Texas energy grid were ordered to initiate rolling blackouts. These rolling blackouts left millions in the State of Texas without power for several days.

24.     This cold weather event and its effects on the Texas energy grid were neither unprecedented, nor unexpected, nor unforeseen.

25.     In fact, similar cold weather events in 1989 and 2011 led to exactly the same type

of rolling blackouts that have affected and continue to affect Texas residents and businesses.

26.     Texas also experienced disruptive cold weather events in 1983, 2003, 2006, 2008,

and 2010.

27.     After investigating the Texas power grid in the wake of the cold weather event of

1989, the Public Utilities Commission of Texas made the following recommendations:

- "All utilities should ensure that they incorporate the lessons learned during December of 1989 into the design of new facilities in order to ensure their reliability in extreme weather conditions.

- All utilities should implement procedures requiring a timely annual (each Fall) review of unit equipment and procedures to ensure readiness for cold weather operations.

- All utilities should ensure that procedures are implemented to correct defective freeze protection equipment prior to the onset of cold weather.

- All utilities should maintain insulation integrity and heat tracing systems in proper working order. Generating unit control systems and equipment essential to cold weather operations should be included in a correctly managed preventive maintenance program.

- Additional training programs for plant personnel on the emergency cold weather procedures, including periodic drills, should be implemented by each responsible utility."

PUCT 1989 Report at 7.

28.     The Federal Energy Regulatory Commission and a nonprofit regulatory authority

investigated the Texas power grid after rolling blackouts were again required during a cold weather

event in 2011. The FERC report concluded:

Despite the recommendations issued by the PUCT in its report on the 1989 event, the majority of the problems generators experienced in 2011 resulted from failures of the very same type of equipment that failed in the earlier event. And in many cases, these failures were experienced by the same generators. . . . In its 1989 report, the PUCT commented that "whether the corrective actions being implemented [by the generators in the wake of the event] are sufficient to prevent future freeze-off related power plant failures, only direct experience with another deep freeze will ascertain." **Texas has now had that second event, and the answer is clearly that**

'opy from re:SearchTX

the corrective actions were not adequate, or were not maintained. Generators were not required to institute cold weather preparedness, and efforts in that regard lapsed with the passage of time.

FERC 2011 Report at 178–79 (footnote omitted) (emphasis added).

29.     The FERC report further noted:

the massive amount of generator failures that were experienced raises the question whether it would have been helpful to increase reserve levels going into the event. This action would have brought more units online earlier, might have prevented some of the freezing problems the generators experienced, and could have exposed operational problems in time to implement corrections before the units were needed to meet customer demand.

FERC 2011 Report at 8.

30.     As the FERC report observed, "[m]any of the generators that experienced outages in 1989 failed again in 2011." FERC 2011 Report at 8.

31.     Now, many of these same power generators, transmitters, and distributors, including Defendants AEP, AEP Texas, and others, have failed once again due to their refusal to implement the reasonable economical remedies recommended in 1989 and 2011.

## V. CLAIMS FOR RELIEF

### COUNT 1: TAKING OF PROPERTY IN VIOLATION OF ARTICLE I, SECTION 17 OF THE TEXAS CONSTITUTION – ERCOT

32.     Article I, Section 17 of the Texas Constitution provides that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made."

33.     Article I, Section 17 of the Texas Constitution waives sovereign immunity for takings claims.

34.     The rolling blackouts ordered by Defendant ERCOT took, damaged, or destroyed Plaintiff's property without adequate compensation.

---

'opy from re:SearchTX

35.     Defendant ERCOT knew that ordering the rolling blackouts was certain or substantially certain to harm the Texas residents such as Plaintiff because it would cause Texas residents such as Plaintiff to be without power.

36.     Defendant ERCOT knew that ordering the rolling blackouts was certain or substantially certain to harm Texas residents such as Plaintiff because it would cause Texas residents such as Plaintiff to be without heat.

37.     Defendant ERCOT knew that ordering the rolling blackouts would materially and substantially impair access to and use of property owned and used by Texas residents such as Plaintiff.

38.     Defendant ERCOT knew that ordering the rolling blackouts would materially and substantially impair access to and use of property owned and used Texas residents such as Plaintiff.

39.     Defendant ERCOT knew that ordering the rolling blackouts would render the residences owned and used by Texas residents such as Plaintiff devoid of all economically viable uses.

40.     Defendant ERCOT knew that ordering the rolling blackouts would unreasonably interfere with the ability of Texas residents, including Plaintiff, to use and enjoyment of their property.

41.     Defendant ERCOT's rolling-blackout orders constituted a taking of Plaintiff's property in violation of the Texas Constitution, to which he is entitled to just and adequate compensation.

### COUNT 2: NEGLIGENCE AND GROSS NEGLIGENCE – ERCOT

42.     Defendant ERCOT had a duty to take reasonable care in estimating and planning the amount of power that would be required in the Winter 2021 season.

'opy from re:SearchTX

43.     Defendant ERCOT further had a duty to take reasonable corrective actions when it became clear that its own projections showed insufficient supply capacity to meet forecast demand.

44.     Defendant ERCOT failed to take reasonable care in estimating and planning the amount of power that would be required in the Winter 2021 season.

45.     Defendant ERCOT failed to take reasonable corrective actions when it became clear that its own projections showed insufficient supply capacity to meet forecast demand.

46.     Defendant ERCOT failed to "make all reasonable efforts to prevent interruptions of service" as required by 16 TEX. ADMIN. CODE § 25.52.

47.     Defendant ERCOT failed to "make reasonable provisions to manage emergencies resulting from failure of service" as required by 16 TEX. ADMIN. CODE § 25.52.

48.     Defendant ERCOT's violations of 16 TEX. ADMIN. CODE § 25.52 constituted negligence per se.

49.     Defendant ERCOT's negligent acts and omissions, as described above, caused caused Plaintiff to lose power at his home and proximately caused his injuries and damages.

50.     In addition, Defendant ERCOT's acts and omissions described herein involved an extreme degree of risk of harm to others, including Plaintiff.

51.     Despite knowledge of this extreme risk of harm, Defendant ERCOT persisted in performing the acts and omissions described herein with a conscious indifference to and reckless disregard of to the rights, safety, or welfare of others.

52.     Such gross negligence was a proximate cause of Plaintiff's injuries and damages. Accordingly, Defendant ERCOT was grossly negligent, and Plaintiff is entitled to recover exemplary damages in an amount sufficient to punish Defendant ERCOT and deter others from engaging in similar conduct.

'nnu from ro:SaarchTX

## COUNT 3: NEGLIGENCE AND GROSS NEGLIGENCE – AEP AND AEP TEXAS

53.     Defendants AEP and AEP Texas had a duty to Plaintiff to exercise reasonable care in maintaining and updating its generation, transmission, and distribution facilities in order to prevent cold-weather failures like those experienced in February 2021.

54.     Defendants AEP and AEP Texas failed to take reasonable corrective actions to prevent cold-weather failures in its generation, transmission, and distribution facilities.

55.     In addition, Defendants AEP and AEP Texas had a duty under 16 Tex. Admin. Code § 25.52 to "make all reasonable efforts to prevent interruptions of service."

56.     Defendants AEP and AEP Texas failed to "make all reasonable efforts to prevent interruptions of service" as required by 16 Tex. Admin. Code § 25.52.

57.     In addition, Defendants AEP and AEP Texas had a duty under 16 Tex. Admin. Code § 25.52 to "make reasonable provisions to manage emergencies resulting from failure of service."

58.     Defendants AEP and AEP Texas failed to "make reasonable provisions to manage emergencies resulting from failure of service" as required by 16 Tex. Admin. Code § 25.52.

59.     Defendants AEP and AEP Texas's violations of 16 Tex. Admin. Code § 25.52 constituted negligence per se.

60.     Defendant AEP and AEP Texas's negligent acts and omissions, as described above, caused Plaintiff to lose power at his home and proximately caused the resultant injuries and damages.

61.     In addition, Defendants AEP and AEP Texas's acts and omissions described herein involved an extreme degree of risk of harm to others, including Plaintiff.

62.     Despite knowledge of this extreme risk of harm, Defendants AEP and AEP Texas

Copy from re:SearchTX

persisted in performing the acts and omissions described herein with a conscious indifference to and reckless disregard of to the rights, safety, or welfare of others.

63.     Such gross negligence was a proximate cause of Plaintiff's injuries and damages. Accordingly, Defendants AEP and AEP Texas were grossly negligent, and Plaintiff is entitled to recover exemplary damages in an amount sufficient to punish Defendants AEP and AEP Texas and deter others from engaging in similar conduct.

### COUNT 4: PRIVATE NUISANCE – ALL DEFENDANTS

64.     Defendants' acts and omissions created conditions that caused Plaintiff to lose power in his home.

65.     By causing Plaintiff to lose power in his home, Defendants substantially interfered with his use and enjoyment of his home.

66.     Loss of power would cause unreasonable discomfort or annoyance to a person of ordinary sensibilities who was attempting to use and enjoy his home.

67.     Additionally, Defendants are strictly liable because their acts and omissions that substantially interfered with Plaintiff's use and enjoyment in his home were abnormally dangerous.

68.     The conditions Defendants created and maintained caused damages to Plaintiff's property and person, for which he is entitled to compensation.

### VI. INDIVISIBLE INJURY

69.     Plaintiff would show that wrongful acts and omissions of the Defendants joined to produce an indivisible injury that cannot be apportioned with reasonable certainty to any individual defendant. Accordingly, each defendant is jointly and severally liable for the entire amount of Plaintiff's damages.

'opy from re:SearchTX

## VII. NOTICE

70.    Defendants are hereby provided with notice under TEX. R. CIV. P. 193.7 that all documents produced by them in this suit will be used at pretrial proceedings and at trial in this case.

## VIII. REQUEST FOR RELIEF

71.    As a result of the foregoing, Plaintiff respectfully requests that the defendants be cited to appear and answer, and that upon final trial and hearing hereof, Plaintiff recover:

     a.  Actual damages;

     b.  Exemplary damages;

     c.  Costs of court;

     d.  Pre- and post-judgment interest; and

     e.  Such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

## IX. JURY DEMAND

72.    Plaintiff hereby demands trial by jury on all claims so triable.

Dated: February 19, 2021

Respectfully submitted,

/s/ Patrick A. Luff
Patrick A. Luff
Texas Bar No. 24092728
pluff@fnlawfirm.com
C. Bryan Fears
Texas Bar No. 24040886
fears@fnlawfirm.com
N. Majed Nachawati
Texas Bar No. 24038319
mn@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Road

copy from re:SearchTX

Dallas, TX 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

Mikal C. Watts
Texas Bar No. 20981820
mcwatts@wattsguerra.com
WATTS GUERRA LLP
Four Dominion Drive
Bldg. 3, Suite 100
San Antonio, TX 78257
Phone: (210) 447-0500
Fax: (210) 447-0501

Rick Holstein
Texas Bar No. 09915150
rholstein@wattsguerra.com
WATTS GUERRA LLP
401-B N. Tancahua Street
Corpus Christi, TX 78401
Phone: (361) 271-1111
Fax: (361) 254-8777

*Counsel for Plaintiff*

# CIVIL CASE INFORMATION SHEET

2021CCV-60188-1

Print | Filed
2/19/2021 8:52 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____ **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** Donald McCarley v. Electric Reliability Council of Texas, Inc., American Electric Power Company, Inc., and AEP Texas, Inc.

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones, In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Patrick Luff / **Email:** pluff@fnlawfirm.com | **Plaintiff(s)/Petitioner(s):** Donald McCarley | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 5473 Blair Road / **Telephone:** (214) 890-0711 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Dallas, TX 75231 / **Fax:** (214) 890-0712 | **Defendant(s)/Respondent(s):** Elec. Reliability Council of Tex<br>American Electric Power Company | **Custodial Parent:** |
| | | **Non-Custodial Parent:** |
| **Signature:** / **State Bar No:** 24092728 | AEP Texas | **Presumed Father:** |
| | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☒ Other Injury or Damage: Negligence | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

copy from re:SearchTX

Rev 2/13

CAUSE NO. 2021CCV-60188-1

| | | |
|---|---|---|
| DONALD MCCARLEY | § | COUNTY COURT |
| | § | |
| V. | § | |
| | § | AT LAW NO. 1 |
| ELECTRIC RELIABILITY COUNCIL | § | |
| OF TEXAS, INC., AMERICAN | § | |
| ELECTRIC POWER COMPANY, INC., | § | |
| AND AEP TEXAS INC. | § | |
| | § | NUECES COUNTY, TEXAS |

## DEFENDANTS AMERICAN ELECTRIC POWER COMPANY, INC. AND AEP TEXAS INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME now, American Electric Power Company, Inc. ("AEPC") and AEP Texas Inc. ("AEP Texas"), Defendants in the above styled and numbered cause, and file this their Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court as follows:

I.

AEPC and AEP Texas generally deny the allegations contained in the Plaintiff's Original Petition, each and every, all and singular, general and specific, and upon this denial, demand a strict trial of the issues before the Court and to the jury.

II.

Answering further herein, should such be necessary and by way of affirmative defense, Defendants state that the incident and all of the damages complained of by the Plaintiff, and claimed in this case were the result of one or more acts or omissions of negligence committed by others over whom Defendants had no control.

1

III.

Answering further herein, should such be necessary and by way of affirmative defense, Defendants state that the incident and all of the damages complained of by the Plaintiff, and claimed in this case were the result of an intervening, superseding cause.

IV.

Answering further herein, and by way of affirmative defense, Defendant AEP Texas contends that the Plaintiff's damages, if any, are subject to and limited by AEP Texas' tariff on file with the Public Utility Commission of Texas.

V.

Answering further herein, Defendants state that the Plaintiff's allegations of gross negligence are subject to and limited by the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code.

VI.

Answering further herein, AEP Texas states that at all relevant time periods herein it was solely a transmission and distribution utility as that term is defined in §31.002(19) of the Texas Utilities Code and Rule 25.5(137) of the Public Utility Commission's Substantive Rules Applicable to Electric Service Providers.  AEP Texas is not a generator or a retail electric provider.

VII.

Answering further herein, AEPC states that it is not liable in the capacity in which it has been sued and that there is a defect in parties.  AEPC is the sole shareholder of AEP Texas.  AEPC is a holding company and has no employees.  AEPC is not a transmission and distribution utility and does not operate any facilities in the State of Texas.  AEPC is not a proper party to this lawsuit.

2

VIII.

WHEREFORE, PREMISES CONSIDERED, Defendants AEPC and AEP Texas pray that

Plaintiff takes nothing by his causes of action and the Defendants go hence with costs and without

day.

Respectfully submitted,

SCHAUER & SIMANK, P.C.
615 N. Upper Broadway, Suite 700
Corpus Christi, Texas 78401-0781
Ph. 361.884.2800 | Fax: 361.884.2822

BROWNING LAW FIRM, PLLC
P.O. Box 1600 | Abilene, Texas 79604
Ph.: 325.437.3737 | Fax: 325.437.1799

JONES, GALLIGAN, KEY, & LOZANO, L.L.P.
Town Center Tower, Suite 300
2300 West Pike Boulevard | Weslaco, Texas 78596
Ph: 956.968.5402 | Fax: 956.969.9402

DUGGINS WREN MANN & ROMERO, LLP
600 Congress | Ste. 1900 | Austin, TX 78701
Ph: 512.744.9300 | Fax: 512.744.9399

By:      /s/ G. Don Schauer
          G. Don Schauer | SBN: 17733298
          E-mail: dschauer@cctxlaw.com
          Cade Browning | SBN: 24028748
          E-mail: cade@browningfirm.com
          Robert L. Galligan | SBN: 07590500
          E-mail: bgalligan@jgkl.com
          Lance Kirby | SBN: 00794096
          E-mail: lakirby@jgkl.com
          Marnie A. McCormick | SBN: 00794264
          E-mail: mmccormick@dwmrlaw.com
          William Johnson | SBN: 24002367
          E-mail: bjohnson@dwmrlaw.com

**ATTORNEYS FOR DEFENDANTS
AMERICAN ELECTRIC POWER COMPANY
AND AEP TEXAS INC.**

3

## **Certificate of Service**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded

to the following counsel of record on this the 15<u>th</u> day of March, 2021:

### ***VIA E-FILE & EMAIL:***

Patrick A. Luff
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, Texas 75231
pluff@fnlawfirm.com

Rick Holstein
WATTS GUERRA LLP
401-B N. Tancahua Street
Corpus Christi, Texas 78401
rholstein@wattsguerra.com

Mikal C. Watts
WATTS GUERRA LLP
Four Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257
mcwatts@wattsguerra.com

*/s/ G. Don Schauer*
G. Don Schauer

4

## **VERIFICATION**

**STATE OF TEXAS**                  §
                                    §
**COUNTY OF DALLAS**                §

    Before me, the undersigned notary, on this day personally appeared **Robert Lesesne**, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

    "My name is **Robert Lesesne**. I am **Senior Counsel** for American Electric Power Company, Inc. I am capable of making this verification. I have read Section VII of Defendant American Electric Power Company, Inc.'s Original Answer. The facts stated in Section VII are true and correct to the best of my knowledge, information and belief."

                                  **ROBERT LESESNE**

Sworn to and subscribed before me by **Robert Lesesne** on March 12, 2021.

MAXINE HOWARD
Notary Public, State of Texas
Notary ID# 1072363-9
My Commission Expires
FEBRUARY 5, 202⁵

                Notary Public in and for the State of Texas

## CAUSE NO. 2021CCV60188-1

| | | |
|---|---|---|
| **DONALD MCCARLEY,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **AT LAW NO. 1** |
| | § | |
| **ELECTRIC RELIABILITY COUNCIL** | § | |
| **OF TEXAS, INC., AMERICAN** | § | |
| **ELECTRIC POWER COMPANY, INC.,** | § | |
| **AND AEP TEXAS, INC.,** | § | |
| | § | |
| **Defendants.** | § | **OF NUECES COUNTY, TEXAS** |

## ERCOT'S ORIGINAL ANSWER

Defendant Electric Reliability Council of Texas, Inc. ("ERCOT") files this Original Answer and respectfully shows this Court the following:

### I.
### FAILURE TO STATE A CLAIM

1.     Plaintiff  Donald McCarley ("Plaintiff") fails to state a claim against ERCOT for which relief can be granted.

### II.
### JURISDICTION

2.     This Court lacks jurisdiction to adjudicate Plaintiff's claims against ERCOT because they are barred by sovereign immunity and fall within the exclusive jurisdiction of the Public Utility Commission of Texas.

### III.
### LIMITATION OF DAMAGES

3.     To the extent Plaintiff's claims against ERCOT are not barred, Plaintiff's recoverable damages, if any, are limited pursuant to Section 84.006 of the Texas Civil Practice & Remedies Code.

## IV.
## <u>GENERAL DENIAL</u>

4.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, ERCOT generally denies each and every claim and allegation contained in Plaintiff's Original Petition, and all amendments and supplements thereto, and demands strict proof thereof as required by law.

## V.
## <u>AFFIRMATIVE DEFENSES</u>

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of sovereign immunity.

6.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust and/or utilize available administrative remedies.

7.      Plaintiff's claims are barred, in whole or in part, by Chapters 32 and/or 33 of the Texas Civil Practice & Remedies Code.

8.      Plaintiff's claims are barred, in whole or in part, by failure to mitigate damages, if any.

9.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's harm, if any, arose from an intervening and superseding cause.

10.     Plaintiff's harm, if any, arose from an Act of God.

11.     Plaintiff cannot recover damages against ERCOT pursuant to Section 25.361 of Title 16 of the Texas Administrative Code.

12.     ERCOT asserts the defense that any award of exemplary or punitive damages is subject to all limitations imposed by Texas law including those in Chapter 41 of the Texas Civil Practice and Remedies Code as well as those provided under the United States Constitution and the Texas Constitution.

13.     Any award of pre-judgment interest for damages that have not yet accrued would violate ERCOT's right to substantive and procedural due process under the Constitutions of the United States and the State of Texas.

**VI.**
**PRAYER**

Defendant ERCOT requests that the Court dismiss this case for lack of jurisdiction, alternatively, ERCOT requests that upon final hearing, a judgment be entered that Plaintiff take nothing against ERCOT. ERCOT further requests all relief to which it is entitled.

Respectfully submitted,

**WINSTEAD PC**
401 Congress Avenue, Suite 2100
Austin, Texas  78701
(512) 370-2800 telephone
(512) 370-2850 fax

By:___*/s/ Elliot Clark*_____
    Elliot Clark               SBN 24012428
    eclark@winstead.com
    D. Blake Wilson       SBN 24090711
    bwilson@winstead.com

    and

    Jason R. Bernhardt     SBN 24045488
    jbernhardt@winstead.com
    Katie Banks             SBN 24092114
    kbanks@winstead.com
    **WINSTEAD PC**
    600 Travis, Suite 5200
    Houston, Texas 77002
    (713) 650-8400 telephone
    (713) 650-2400 fax

    and

Bradley A. Monk                    SBN 24077502
bmonk@winstead.com
**WINSTEAD PC**
2728 N. Harwood, Suite 500
Dallas, Texas 75201
(214) 745-5400 telephone
(214) 745-5390 fax

**ATTORNEYS FOR DEFENDANT**
**ELECTRIC RELIABILITY COUNCIL OF**
**TEXAS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

By my signature below, I hereby certify that a true and correct copy of this document has been served in accordance with the Texas Rules of Civil Procedure on this the 23rd day of March, 2021.

**<u>ATTORNEYS FOR PLAINTIFF</u>**

Patrick A. Luff                                Mikal C. Watts
pluff@fnlawfirm.com                      mcwatts@wattsguerra.com
C. Bryan Fears                              Watts Guerra LLP
fears@fnlawfirm.com                      Four Dominion Drive
N. Majed Nachawati                        Bldg. 3, Suite 100
mn@fnlawfirm.com                          San Antonio, TX 78257
Fears Nachawati, PLLC                     210.447.0500 p
5473 Blair Road                            210.447.0501 f
Dallas, TX 75231
214.890.0711 p
214.890.0712 f

Rick Holstein
rholstein@wattsguerra.com
Watts Guerra LLP
401-B N. Tancahua Street
Corpus Christi, TX 78401
361.271.1111 p
361.254.8777 f

**ATTORNEYS FOR DEFENDANTS**
**AMERICAN ELECTRIC POWER COMPANY**
**AND AEP TEXAS, INC.**

G. Don Schauer
dschauer@cctxlaw.com
SCHAUER & SIMANK, P.C.
615 N. Upper Broadway, Suite 700
Corpus Christi, Texas 78401-0781
Ph. 361.884.2800
Fax: 361.884.2822

Cade Browning
cade@browningfirm.com
BROWNING LAW FIRM, PLLC
P.O. Box 1600
Abilene, Texas 79604
Ph.: 325.437.3737
Fax: 325.437.1799

Marnie A. McCormick
mmcconnick@dwrnriaw.com
William Johnson
biohnson@dwmrlaw.com
DUGGINS WREN MANN & ROMERO, LLP
600 Congress, Ste. 1900
Austin, TX 78701
Ph: 512.744.9300
Fax: 512.744.9399

Robert L. Galligan
biialligan@jgki.com
Lance Kirby
lakirby@jgkl.com
JONES, GALLIGAN, KEY, & LOZANO, L.L.P.
Town Center Tower, Suite 300
2300 West Pike Boulevard
Weslaco, Texas 78596
Ph: 956.968.5402
Fax: 956.969.9402


       */s/ Elliot Clark*
Elliot Clark